# Kennon *vs* Ficklin and Peck.

### ERROR TO THE FLEMINN CIRCUIT.

*Attaching creditors.    Priority of lien.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is a controversy between attaching creditors, as
to the distribution of the fund attached, their cases against
an insolvent debtor, and guarnishees, who owed him,
being all heard together. It seems that Kennon's bill
was first filed, and his process first placed in the hands of
one deputy; that afterwards, on the same day, Ficklin
and Peck, each with a knowledge of the fact, and with a
view to overreach the claim of Kennon, filed their sepa-
rate bills, sued out process, and placed the same in the
hands of another deputy, who executed the same first,
each deputy using reasonable diligence in the execution
of the process put into each of their hands.

Upon the hearing of all the cases together, the Court
gave priority to Ficklin and Peck, decreeing to them the
fund due from the guarnishee, upon the ground that pro-
cess was first served on them in the cases of Peck and
Ficklin.

While it is conceded that in the case of distinct officers, the first levy gives the prior lien, yet in the case of the same officer, in the discharge of impartial justice between litigants, it is his duty, and that of his deputies, to levy that first, which first came to his or their hands; and if his deputy levies the junior execution first, it is his duty, upon being apprised of the fact, to pay the money to the plaintiff in the senior execution, as was determined by this Court in the case of *Million* vs *Commonwealth, for the use of Withers,* (1 *B. Monroe*, 310.)

Though there is not a perfect analogy between the execution of original process or process of attachment, and the levy of an execution, as the office of Sheriff is one, and his deputies his own agents, it is his duty, in the discharge of impartial justice between litigants, to execute, and require his deputies to execute all process in the order in which it comes to the hands of either. And the statute, with a view to preserve the time, requires the Sheriff to indorse on the process the time of its reception; (1 *Stat. Law*, 339.)

The junior process, it is true, where there are several deputies, may be sometimes first served without fault on the part of the principal or either of his Deputies, as in the case before us, when the process in one case was placed in the hands of one deputy, and in other cases in the hands of another, the latter not knowing of the prior process in the hands of the former. Each are required to use due diligence in the execution of the process placed in his hands, and in the exercise of all reasonable diligence on the part of both, one may succeed in the execution of his process first. If that should be the junior process, it would be hard to make the principal liable to the plaintiff in the senior process; nor is it just, necessary, or proper, in such a case, to make him responsible.

The process in all the cases being served, and the fund attached being in the power and under the control of the Court, and all the parties before the Court, the Chancellor should, in the distribution of the fund, exercise that same impartial justice between the parties, which should have been observed by the officer, in the execution of the process. As with him the first come should be first

It is the duty of a Sheriff to levy that process first which first comes to hand, and if two executions are in the hands of different deputies of the same high Sheriff, against the same defendant, the proceeds of a levy by either deputy should be applied to that execution first in the hands of either: (1 *B. Mon.* 310.)

Deputy Sheriffs are the mere agents of the principal Sheriff, and it is his duty to require the deputies to execute process of execution or attachment, in the order in which they are received by the deputies.

—But if that which is last in coming to the hands of either deputy, (which may be done without fault,) the Chancellor, in cases attachment, will distribute the fund amongst the attaching creditors in the order in which the process was placed in the hands of the deputies of the principal Sheriff.

served, if he or any of his deputies has been seduced, or by trick or stratagem, deluded into the service of the junior first, or if this should happen in the exercise of due diligence on the part of the officers, the Chancellor having the control of the fund, should distribute it as it would have been distributed had the officer executed them in the order in which they came to hand.

The decree of the Circuit Court giving priority to Ficklin and Peck, to the demand against Henry and Bett, is reversed, and cause remanded, that a decree may be rendered giving the priority and preference to Kennon, in the distribution of this fund.

*Hord* for plaintiff: *Beatty* for defendants.